**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

|  |  |  |
|---|---|---|
| METROPOLITAN LIFE<br>INSURANCE COMPANY, | : | |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 1:24-CV-113 (LAG) |
| | : | |
| WALTER CLARENCE SEIDENFADEN, | : | |
| SANDRA FAYE DAVIS, and | : | |
| COURTNEY NICOLE THOMAS, | : | |
| as parent and guardian of minor L.A.R. | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER

Before the Court is Plaintiff Metropolitan Life Insurance Company's Motion for Reconsideration (Motion). (Doc. 11). For the reasons below, Plaintiff's Motion is **GRANTED**, and the Court **VACATES** its November 12, 2024 Order (Doc. 10).

## BACKGROUND

On July 24, 2024, Plaintiff filed its Complaint in Interpleader. (Doc. 1). Defendants filed an Answer on December 2, 2024. (Doc. 12). The interpleader action seeks to determine the proper beneficiary of an employee benefit plan governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, *et seq*. Plaintiff asserts that the Court has original jurisdiction over the action pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331, because it arises under the Employee Retirement Income Security Act of 1974 (ERISA). (Doc. 1 ¶ 6). Decedent was an employee of Delhaize America, LLC (Delhaize) and maintained life insurance under Delhaize's group life insurance plan (Plan). (Doc. 1 ¶ 8). Plaintiff represents that the Plan is "an ERISA-regulated employee welfare benefit plan . . . issued by [Plaintiff Metropolitan Life Insurance Company] to Delhaize." (*Id.* ¶ 9). Plaintiff further represents that "[a]t the time of his death,

Decedent was enrolled under the Plan for Basic Life Insurance benefits in the amount of forty-four thousand dollars ($44,000.00)[.]" (*Id.* ¶ 14 (emphasis omitted)). On July 26, 2024, Plaintiff filed a Motion to Deposit Funds. (Doc. 3). Therein, Plaintiff sought "permission to deposit into the Registry of this Court [the] $44,000.00" in Plan Benefits, plus accrued interest, if any. (*Id.* at 1). Defendants did not respond. (*See* Docket). The Court denied Plaintiff's Motion to Deposit Funds on November 12, 2024, determining that it did not have jurisdiction over the action. (Doc. 10). On November 15, 2024, Plaintiff filed the subject Motion, requesting the Court reconsider its November 12, 2024 Order and permit Plaintiff to deposit the interpleader funds into the Court's registry. (Doc. 11). Defendants did not respond. (*See* Docket). The Motion is now ripe for review. *See* M.D. Ga. L.R. 7.2.

## LEGAL STANDARD

"The only grounds for granting [a Rule 59] motion [for reconsideration] are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam) (first alteration in original) (citation omitted); s*ee* Fed. R. Civ. P. 59. "A motion for reconsideration cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment." *Smith v. Ocwen Fin.*, 488 F. App'x 426, 428 (11th Cir. 2012) (per curiam) (citing *Arthur*, 500 F.3d at 1343). Furthermore, Rule 59 "motion[s] to alter or amend judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

With regard to a motion to reconsider pursuant to Rule 60,

> the district court may relieve a party of a final judgment or order for: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that could not previously have been discovered with reasonable diligence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) a judgment that has been satisfied, released or discharged, that is based on an earlier judgment that has been reversed or vacated, or that it would no longer be equitable to apply prospectively; or (6) any other reason that justifies relief.

2

*Jones v. Thomas*, 605 F. App'x 813, 815 n.1 (11th Cir. 2015) (per curiam) (citing Fed. R. Civ. P. 60(b)). "Rule 60(b)(6) motions must demonstrate 'that the circumstances are sufficiently extraordinary to warrant relief. Even then, whether to grant the requested relief is. . . a matter for the district court's sound discretion.'" *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (per curiam) (quoting *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1317 (11th Cir. 2000)).

## DISCUSSION

Plaintiff seeks reconsideration of the Court's November 12, 2024 Order (Doc. 10) denying Plaintiff's Motion to Deposit Funds (Doc. 3). (Doc. 11). The Court, "in both civil and criminal cases, . . . [will] grant a motion for reconsideration only when the movant timely demonstrates that either: 1) there has been an intervening change in the law; 2) new and previously unavailable evidence has been discovered through the exercise of due diligence; or 3) the Court made a clear error of law." *United States v. Lauderdale*, No. 1:14-CR-26 (WLS), 2016 WL 3232965 at *2 (M.D. Ga. May 19, 2016) (citations omitted). Plaintiff timely moved for reconsideration, arguing that it has "invoked this Court's federal question subject matter jurisdiction in seeking equitable relief under ERISA to resolve the competing claims." (Doc. 11 at 4). Plaintiff contends that the Court "correctly noted that subject matter jurisdiction [was] not appropriate under 28 U.S.C. § 1335[,]" but argues that this "does not negate the Court's federal question subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e)(1)." (*Id.* (citing Doc. 10)) (internal quotations omitted).

Plaintiff is correct that, as this interpleader action arises under ERISA, the Court does have federal question subject matter jurisdiction. *See Principal Life Ins. Co. v. Smith*, 385 F. App'x 878, 879 n.1 (11th Cir. 2010) ("The district court had jurisdiction [over the interpleader action] under 28 U.S.C. § 1331, in that the case relates to an ERISA plan. Thus[,] the case arises under the laws of the United States and raises a federal question[.]"); *see also Blue Cross & Blue Shield of Ala. v. Sanders*, 138 F.3d 1347, 1353 (11th Cir. 1998) (holding that federal subject matter jurisdiction existed because plaintiff was plausibly a fiduciary, seeking equitable relief under ERISA). The Court agrees with Plaintiff that this

case is the "rare federal question, rule-interpleader action." *Unum Life Ins. Co. of America v. Smith*, No. 2:17-CV-489-WKW, 2018 WL 1977257 (M.D. Ala. Mar. 28, 2018), *report and recommendation adopted*, No. 2:17-CV-489-WKW, 2018 WL 1973278 (M.D. Ala. Apr. 26, 2018) (citations omitted).

## CONCLUSION

Accordingly, the Court **GRANTS** Plaintiff's Motion (Doc. 11) and **VACATES** its November 12, 2024 Order (Doc. 10). Plaintiff is authorized to deposit the sum of **$44,000.00 plus accrued interest, if any**, with the Clerk of Court. The Clerk of Court shall deposit the funds into the Disputed Ownership Fund in an interest bearing account until the Court enters an order directing disbursement of these funds.

**SO ORDERED**, this 25th day of February, 2025.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**